IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALFREDIA PRUITT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:16-CV-1616-AT |
| | : | |
| GMAC, d/b/a ALLY FINANCIAL; | : | |
| MCCURDY & CANDLER; USAA | : | |
| FEDERAL SAVINGS BANK; | : | |
| GWINNETT COUNTY SUPERIOR | : | |
| COURT; MERS; FEDERAL NATIONAL | : | |
| MORTGAGE ASSOCIATION; COURT OF | : | |
| APPEALS OF THE STATE OF GEORGIA; | : | |
| STEVE CASTLEN; SANGEET | : | |
| CHOWFLA; MATTHEW R. BROOKS; | : | |
| TEAH GLENN; A. WILLIAM LOEFFLER; | : | |
| JANIS SMITH; JUDGE DAWSON | : | |
| JACKSON; WADE COPELAND, | : | |
| CARLOCK COPELAND & STAIR, LLP; | : | |
| MICHAEL DUGAN; TROUTMAN | : | |
| SANDERS, | : | |
| | : | |
| Defendants. | : | |

## COURT OF APPEALS DEFENDANTS' BRIEF IN SUPPORT OF
## THEIR MOTION TO DISMISS

Defendants the Court of Appeals of Georgia and Steve Castlen (herein, the "Court of Appeals Defendants") by and through counsel, the Attorney General of the State of Georgia, file this Brief in Support of their Motion to Dismiss, showing as follows:

# I. BACKGROUND[1]

Defendant Court of Appeals of Georgia (herein, "COA") is a judicial body of the State of Georgia established in 1906 by constitutional amendment. *Clark v. Deal*, 2016 Ga. LEXIS 314, at *11 (Apr. 26, 2016). Defendant Steve Castlen[2] is the current Clerk of Court for the COA. This lawsuit concerns the September 2010 foreclosure of Plaintiff's home and the subsequent dispossession of Plaintiff from that property pursuant to Georgia state law. [Doc. 1, ¶¶ 7, 15]. Plaintiff's Complaint contains 177 paragraphs, the vast majority of which do not involve the Court of Appeals Defendants. Construed broadly, the only factual allegations involving the COA are that Plaintiff's appeal of the dispossessory order of the Superior Court of Gwinnett County was improperly denied by the COA on October 6, 2011 as untimely and for failure to remit rents due into the trial court's registry. [Doc. 1, ¶¶ 120, 121]. Plaintiff alleges she was ultimately dispossessed from her property in January 2012 [Doc. 1, ¶ 15].

This lawsuit was filed on May 19, 2016. [Doc. 1]. As to the Court of Appeals, Plaintiff claims that she was "denied due process of law" and that the COA "conspired with Gwinnett County Superior Court and Defendants to evict

---

[1] Defendants dispute many of Plaintiff's alleged facts, but recognize that for the purposes of this motion only, the well-pleaded facts must be assumed as true.

[2] Although Mr. Castlen is listed separately in the style of the case, he is not pled as a separate party, nor mentioned in any other way, throughout the body of the Complaint. However, because he was served with a summons and in an abundance of caution, he will be treated herein as a party.

Plaintiff from her home." [Doc. 1, 123, 157]. Plaintiff asserts claims under 42 U.S.C. §1983 for alleged violations of the First, Fifth, Seventh, and Fourteenth Amendments to the U.S. Constitution. [*See, e.g.*, Doc. 1, ¶¶ 2, 5, 7, 8, 9; Doc. 3, ¶ 1]. She seeks both money damages and declaratory relief. [Doc. 1, p. 42]. Plaintiff makes no factual allegations, and no direct claim for relief, against Defendant Steve Castlen. [*See* Doc. 1].

## II.  ARGUMENT AND CITATIONS TO AUTHORITY

**A.  Plaintiff's Claims are Barred by the Statute of Limitations**

An action is properly dismissed when the complaint itself establishes that it was filed outside the limitations period. *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc); *Penoyer v. Briggs*, 206 Fed. Appx. 962, 964 (2006). The United States Supreme Court and the Eleventh Circuit Court of Appeals have agreed that Georgia's two-year statute of limitations for personal injury actions, O.C.G.A. § 9-3-33, applies to § 1983 claims brought in Georgia. *Wilson v. Garcia*, 471 U.S. 261, 105 S. Ct. 938, 85 L.Ed.2d 254 (1985); *Williams v. City of Atlanta*, 794 F.2d 624 (11th Cir. 1986); *Giles v. Garwood*, 853 F.2d 876 (11th Cir. 1988). In § 1983 cases, the statute of limitations begins to run when the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987).

In this case, Plaintiff filed suit on May 19, 2016 concerning events that occurred, in pertinent part, in 2010 through 2012 at the very latest. Plaintiff alleges that the various judicial actors, including the COA, violated her rights when they made certain rulings in those years. Therefore, facts which would support her cause of action were apparent - or should have been apparent to a person with a reasonably prudent regard for her rights - when the rulings were made in 2010 through 2012. Since those dates were more than 4 years prior to the filing of this lawsuit, Plaintiff's claims are barred by the statute of limitations and should be dismissed.

## B. The *Rooker-Feldman* Doctrine Deprives this Court of Jurisdiction

"A § 1983 action is neither an alternative nor a complement to the appeal of a state trial court decision to a higher state court." *Rolleston v. Eldridge*, 848 F.2d 163, 165 (11th Cir. 1988). It cannot be used as a device for collateral review of state court actions. *Sibley v. Lando*, 437 F.3d 1067, 1071 (11th Cir. 2005). The *Rooker-Feldman* doctrine is a limitation on federal jurisdiction and prevents a district court from sitting as an appellate court over decisions of state courts. *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Nicholson v. Shalfe*, 558 F.3d 1266, 1274 (11th

Cir. 2009) (*quoting Exxon Mobil v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, (2005)). Its reach extends to federal claims that are deemed to be "inextricably intertwined" with the state court judgment. *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). A federal claim is considered inextricably intertwined with the state court judgment where: 1) the success of the federal claim would "effectively nullify" the state court judgment; and 2) the federal claim "succeeds only to the extent that the state wrongly decided the issues." *Id.* For *Rooker-Feldman* to apply, the federal action must be filed after the state proceedings have ended. *Nicholson*, 558 F.3d at 1275. State Court proceedings are considered "ended" when any appeal is concluded. *Id.* at 1276.

All elements of *Rooker-Feldman* have been met in this case. First, this action was filed after Plaintiff's appeals to the COA and, allegedly, the U.S. Supreme Court were denied. [*See* Doc. 1, ¶¶ 169, 170]. Next, Plaintiff's claims against the Court of Appeals Defendants are premised on alleged injuries caused by the orders issued by the COA. Plaintiff's claim would succeed only if this Court determined that the COA's orders were wrongly decided and then either nullified them or awarded compensation. This Court lacks jurisdiction to do so under *Rooker-Feldman* and Plaintiff's claims must be dismissed.

## C. The Eleventh Amendment bars §1983 Claims Against the COA

The Eleventh Amendment bars actions against a state, its agencies, and its officials absent a waiver by the State or a valid congressional override, when the State is the real party in interest or when any monetary recovery would be paid from State funds. *Ky. v. Graham*, 473 U.S. 159, 169 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984). A claim against a state official in his official capacity is merely another way of pleading an action against the state for which the officer is an agent and is no different than a claim against the State of Georgia. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Waivers of immunity are strictly construed in favor of the sovereign. *Sossamon v. Texas*, 131 S. Ct. 1651, 1658 (2011). "A State's consent to suit must be unequivocally expressed in the text of the relevant statute." *Id.* (internal quotation omitted).

The State of Georgia specifically preserved its sovereign immunity in the Georgia Constitution, which provides that sovereign immunity can only be waived by an act of the General Assembly and only on the specific terms and conditions of the waiver, and further provides that "[n]o waiver of sovereign immunity shall be construed as a waiver of any immunity provided to the state or its . . . officers, or employees by the United States Constitution." Ga. Const. Art. I, sec. II, para. IX (e) and (f). In addition, the Georgia Tort Claims Act expressly maintains sovereign immunity "with respect to actions brought in the courts of the United States."

6

O.C.G.A. § 50-21-23(b). *See also* O.C.G.A. § 50-21-28 (all tort actions against state government entities must be brought in state or superior court). Federal courts have consistently held that a state's sovereign immunity has been preserved when a state entity is sued in federal court and the state has not consented to be sued in federal court on those claims. *See Smith v. Reeves*, 178 U.S. 436, 445 (1900); *Great N. Life Ins. Co. v. Read*, 322 U.S. 47 (1944); *Manning v. Ellis*, 2006 U.S. Dist. LEXIS 51426, at * 10 (M.D. Ga., July 27, 2006) (no waiver of sovereign immunity for tort actions brought in federal court).

Section 1983 does not override a State's Eleventh Amendment immunity. *Will*, 491 U.S. at 63 (Section 1983); *Fincher v. Fla. Dep't of Labor & Employment Sec.*, 798 F.2d 1371, 1371 (11th Cir. 1986) (Section 1985). Plaintiff's claims against the COA are barred by the Eleventh Amendment. As a constitutional creation of the State of Georgia, the COA is entitled to Eleventh Amendment immunity for Plaintiff's §1983 damages claims. Similarly, although Plaintiff makes no express allegations against Defendant Castlen, to the extent he asserts any official-capacity claims against Defendant Castlen, they, too, are barred by the Eleventh Amendment.

**D.  Neither the COA nor Defendant Castlen in their Official Capacities are "Persons" Within the Meaning of §1983**

Section 1983 proscribes certain actions by a "person" which violate the rights of others. 42 U.S.C. § 1983. Likewise, §1985 provides for suits against

"two or more persons." 42 U.S.C. §1985. States and their agencies cannot be sued under these provisions because they are not considered "persons" under the statutes. *Will*, 491 U.S. at 65. The term "State" includes individual state officers sued in their official capacities. *Id.* at 70, 71. The COA and Defendant Castlen in his official capacity are not "persons" within the meaning of §1983, and to the extent that Plaintiff seeks monetary damages against them under these statutes, the claims should be dismissed.

E.   **The Complaint Does Not State a Claim**

In making her claims, Plaintiff invokes Due Process, Equal Protection, and the First, Fifth, Seventh, and Fourteenth Amendments, pursuant to 42 U.S.C. §1983. The Complaint, however, fails to state a claim under any of these theories.

   **1. Standard of review**

A complaint must allege sufficient facts that give rise to a "plausible" suggestion of unlawful conduct. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). This standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* at 556. Further, when reviewing the sufficiency of a complaint, conclusory allegations should be ignored. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). If any well-pleaded facts remain, the court should determine whether they plausibly suggest unlawful conduct. *Id.* at 679-80. If the well-pleaded allegations are consistent with lawful behavior, the complaint must be dismissed.

*Twombly*, 550 U.S. at 570. Section 1983 is not a source of rights; rather it is a means of vindicating federal rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). When a court considers whether a complaint sufficiently alleges a claim, it must first identify the specific right allegedly infringed. *Iqbal*, 556 U.S. at 676. Whether a violation has occurred can only be determined by applying the standards applicable to that particular provision. *Graham v. Connor*, 490 U.S. 386, 394 (1989).

### 2. The First Amendment

While Plaintiff alleges a violation of the First Amendment, the Complaint pleads no specific facts in support of this allegation. Since Plaintiff's Complaint does not implicate the speech or religion clauses it could, read broadly, be attempting to state a claim under the First Amendment's right of access to the courts. Such claims, however, concern exclusion of the press or public from civil or criminal proceedings. *See Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1366 (N.D. Ga. 2002). In this case, there are no allegations that Plaintiff was excluded from any proceedings, nor are there any allegations supporting an exclusion of access to the court in any substantive sense. Rather, Plaintiff's allegations show that she was an active litigant who was able to access the courts and file lawsuits, motions, and pleadings. Plaintiff fails to state a claim under the First Amendment.

### 3. Due Process Clause

Two kinds of protections are derived from the Fourteenth Amendment: procedural due process and substantive due process. *McKinney v. Pate*, 20 F.3d 1550, 1555 (11th Cir. 1994) (*en banc*). Plaintiff does not specify which prong she is proceeding under so both will be addressed, though she states a claim for neither.

#### a. Procedural Due Process

When a party complains that a state failed to provide adequate procedures or asserts that he was denied an opportunity to be heard, he raises only a procedural due process claim. *McKinney*, 20 F.3d at 1559. Procedural due process is not denied if there is an adequate state remedy to redress the alleged deprivation. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Put another way, the state's action is not complete unless it refuses to provide a suitable post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *McKinney*, 20 F.3d at 1557, 1563.

Here, Plaintiff alleges she was improperly foreclosed and dispossessed from her home and denied *in forma pauperis* status. However, she also admits filing numerous motions and appeals with both the trial court and the COA before, during, and after dismissal. Plaintiff was heard and considered on all of her various motions and suits. Moreover, the State of Georgia provides post-deprivation remedies for any party who believes that the COA has ruled incorrectly. An appeal to the Supreme Court of Georgia, *see* O.C.G.A. § 5-6-35, is available. This remedy

is adequate to address any alleged denial of due process with respect to the orders entered in the COA. Plaintiff has adequate post-deprivation remedies and her due process claim fails for this reason.

### b. Substantive Due process

Substantive due process protects only fundamental rights created by the Constitution. *McKinney*, 20 F.3d at 1556. In addition to the Bill of Rights, fundamental "liberty" rights include the right to marry, have children, direct the education and upbringing of one's children, marital privacy, contraception, bodily integrity, and abortion. *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997).

Here, Plaintiff has not alleged the existence (or denial) of a fundamental right beyond her right of access to the courts. However, none of the factual allegations in Plaintiff's Complaint, as amended, support a claim that she was actually denied access to the courts. Rather, she alleges only that she is unhappy with the outcome of her various court rulings while at the same time admitting that she has been quite an active litigant.[1] In addition, substantive (and procedural) due process claims require a showing of deliberate indifference, such that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff has alleged no facts to

11

establish deliberate indifference. The Complaint fails to allege a substantive due process claim.

### 3. Equal Protection

The Equal Protection Clause requires only that "all persons similarly circumstanced shall be treated alike." *Plyer v. Doe*, 457 U.S. 202, 216 (1982). To establish an equal protection claim, a plaintiff must show that similarly situated persons have been treated differently and that the defendant's actions were motivated by an unlawful factor. *Mickens v. Tenth Judicial Circuit*, 181 Fed. Appx. 865, 878 (11th Cir. 2006); *Walker v. Cromartie*, 287 Ga. 511, 512 (2010). In this context, "similarly situated" requires some specificity. *Campbell v. Rainbow City*, 434 F.3d 1306, 1314 (11th Cir. 2006). The comparator must be similarly situated in all relevant respects. *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1202-03 (11th Cir. 2007). Even then, equal protection is denied only when the challenged conduct was motivated by an intent to discriminate. *Wash. v. Davis*, 426 U.S. 229, 239-48 (1976).

The Complaint does not meet this standard. Here, Plaintiff alleges in a conclusory manner that the complained-of rulings in the Superior Court and COA constituted discrimination due to her race. [Doc. 1, ¶¶ 97, 98]. But Plaintiff does not allege any facts to support this conclusion. Nor does she identify a similarly

situated individual who was treated differently than her. Plaintiff has not stated an equal protection claim.

### 4. The Fifth Amendment

The Fifth Amendment applies only to federal actors. *Riley v. Camp*, 130 F.3d 958, 972 n.19 (11th Cir. 1997) (*per curiam*). The COA and Defendant Castlen are not federal actors. Thus, any Fifth Amendment claim should be dismissed.

### 5. The Seventh Amendment

Trial courts have the power, in appropriate cases, to make dispositive pretrial determinations of legal, factual, and mixed legal/factual questions to the extent that the parties' Seventh Amendment rights are not abridged. *See Van Harville v. Johns-Manville Products Corp.*, 31 Fed.R.Serv.2d 734 (S.D. Ala. 1981). There is no right to a jury trial if there are no factual issues to be tried. *See, e.g., Garvie v. City of Fort Walton Beach, Fla.*, 366 F.3d 1186, 1190 (11th Cir. 2004); *United States v. Barker*, 19 F.Supp.2d 1380, 1385 (S.D. Ga. 1998). In this case, Plaintiff's lawsuits failed to present any triable issue of fact. Thus, the trial court did not abridge her Seventh Amendment rights by making a pretrial disposition of her claims due to an absence of disputed fact. Her claims under the Seventh Amendment should be dismissed.

### 6. Defendant Castlen

While Plaintiff's claims do not expressly exclude Defendant Castlen, there are no pled facts associating Defendant Castlen in any personal way with any of the events complained of. Personal involvement is the *sine qua non* of liability under Section 1983. *See Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691 (1978). *Harper v. Lawrence Cnty.*, 592 F.3d 1227, 1233 (11th Cir. 2010) requires complaints to place each defendant on notice as to "what alleged rights were violated . . . and which of their actions allegedly violated those rights," and also to allow "the court to determine whether those facts indeed set out a violation of rights and whether those rights were clearly established when these incidents occurred." 592 F.3d at 1233. In this case, there are no allegations at all concerning any individual actions of Defendant Castlen. Plaintiff fails to state a claim as to Defendant Castlen, and he should be dismissed.

### F. Alternatively, any claim for damages against Defendant Castlen in his Individual Capacity is barred by qualified immunity

Qualified immunity protects governmental defendants sued in their individual capacities so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To avail of the immunity, a defendant must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred. *Vinyard v. Wilson*, 311 F.3d

1340, 1346 (11th Cir. 2002). Once this showing is made, the burden shifts to the plaintiff to show that the law was clearly established. *Id.*

In this case, there are no factual allegations at all concerning Defendant Castlen. However, to the extent the factual allegations concerning the COA are imputed - somehow - to Defendant Castlen, he was engaged in a discretionary because he was pursuing a legitimate job-related goal through means that were within his power to utilize. *Holloman v. Harland*, 370 F.3d 1252, 1266 (11th Cir. 2004). The burden thus shifts to Plaintiff to show a violation of a clearly established constitutional right. This she cannot do. For the reasons discussed above, Plaintiff was not deprived of a constitutional or federal right. Defendant Castlen is therefore entitled to qualified immunity.

### G.  The Claims for Declaratory Relief Must be Dismissed

As discussed above, *Rooker-Feldman* bars any request to have this Court modify or rescind the result of the COA's proceedings. But even if this Court had subject matter jurisdiction to do so, Plaintiff's claims for declaratory relief are not cognizable under §1983. The statute provides:

> [I]n any action brought against a judicial officer for an act or omission in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983 (1996). There is no declaratory decree in this case and so no injunctive relief is cognizable under §1983. Plaintiff's request for declaratory relief should be denied.

## III. CONCLUSION

For the foregoing reasons, the Court of Appeals Defendants request that Plaintiff's Complaint, as amended, be dismissed as to them in its entirety.

**[SIGNATURES NEXT PAGE]**

Respectfully submitted this 16th day of June, 2016.

        SAMUEL S. OLENS   551540
        Attorney General

        KATHLEEN M. PACIOUS   558555
        Deputy Attorney General

        DEVON ORLAND   554301
        Senior Asst. Attorney General

        */s/ Ronald J. Stay*
        RONALD J. STAY   621732
        Assistant Attorney General

Please Address All Communications To:
RONALD J. STAY
Assistant Attorney General
Department of Law, State of Georgia
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone: (404) 656-6663
Facsimile: (404) 651-5304
E-mail: rstay@law.ga.gov

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in 14-point New Times Roman type face.

>	*/s/ Ronald J. Stay*
>	RONALD J. STAY            621732
>	Assistant Attorney General

# CERTIFICATE OF SERVICE

I do hereby certify that I have this 16th day of June, 2016 filed the within and foregoing COURT OF APPEALS DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record. I also certify that I have served a copy of this pleading and a copy of the Notice of Electronic Filing to the following non-CM/ECF participant:

>Ms. Alfredia Pruitt
>4499 Beacon Hill Drive
>Lilburn, GA 30047

>*/s/ Ronald J. Stay*
>RONALD J. STAY
>Georgia Bar No. 621732

Please Address All Communications To:

RONALD J. STAY
Assistant Attorney General
Department of Law, State of Georgia
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone: (404) 656-6663
Facsimile: (404) 651-5304
E-mail: rstay@law.ga.gov