IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Alfredia Pruitt,<br><br>      Plaintiff,<br>v.<br><br>McCurdy & Candler, USAA Federal Savings Bank, Judge Dawson Jackson, Gwinnett County Superior Court, Court of Appeals of the State of Georgia, and Troutman Sanders LLP,<br><br>      Defendants.[1] | CIVIL ACTION NO.<br>1:16-CV-1616-AT |

## **DEFENDANT TROUTMAN SANDERS LLP'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND BRIEF IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Troutman Sanders LLP ("Troutman Sanders") hereby moves to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted. All of Plaintiff's claims against Troutman Sanders are based on the judicial foreclosure of Plaintiff's home in September 2010 and subsequent dispossession of Plaintiff from that property in January 2012. (*See* Am. Compl. ¶¶ 7, 15.) Plaintiff filed her Amended Complaint in May 2016. Under the applicable two-year statute of

---

[1] The case caption varies in Plaintiff's filings with the Court. This version is based on Plaintiff's most recent filing—her Motion to Amend Caption [dkt. 11].

limitations, all of Plaintiff's claims against Troutman Sanders are time-barred and must be dismissed as a matter of law.[2]

**FACTUAL AND PROCEDURAL BACKGROUND**

The vast majority of Plaintiff's Amended Complaint does not mention or relate to Troutman Sanders. Construed broadly and most favorably to Plaintiff, the only factual allegations involving Troutman Sanders are the following:

Plaintiff purchased a home from USAA Federal Savings Bank located at 2360 Hickory Station Circle, Snellville, Georgia 30078. (*See* Am. Compl. ¶¶ 102, 107.) This home was foreclosed on September 7, 2010. (*See id.* ¶¶ 7, 150.) Troutman Sanders assisted Federal National Mortgage with the foreclosure. (*See id.* ¶ 175.) Plaintiff alleges that "[t]he unlawful foreclosure and eviction of Plaintiff from her home was complete on or about January 2012." (*Id.* ¶ 15.)[3]

---

[2] The caption of the Amended Complaint [dkt. 3] also listed as defendants three attorneys who were associated with Troutman Sanders at the time of the foreclosure proceedings — Matthew R. Brooks, Teah Glenn, and A. William Loeffler [dkt. 3]. None of these individuals were served with a summons or complaint, and according to Plaintiff's Motion to Amend Complaint [dkt. 7] and Motion to Amend Caption [dkt. 11], those individuals are no longer named in the complaint. However, for clarity and closure, to the extent that Plaintiff intended to assert claims against these individuals, Troutman Sanders files this motion on their behalf, and the claims against them must be dismissed as time-barred.

[3] The Amended Complaint also contains allegations about certain proceedings in GMAC's bankruptcy case in the Southern District of New York between May 2012 and May 2015, but Plaintiff does not allege that Troutman Sanders was involved in any of those proceedings. (*See* Am. Compl. at pgs. 38-40.)

On May 19, 2016, acting *pro se*, Plaintiff filed her Complaint [Dkt. 1] against several defendants, including Troutman Sanders, asserting claims under 42 U.S.C. § 1983 for alleged violations of the First, Fifth, Seventh, and Fourteenth Amendments to the U.S. Constitution. On May 20, 2016, Plaintiff filed her Amended Complaint [dkt. 3] to correct and add certain facts that she misstated in her original complaint. Plaintiff served a summons and a copy of the Amended Complaint on Troutman Sanders on June 1, 2016 [dkt. 9].

## ARGUMENT AND CITATION OF AUTHORITY

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court must accept Plaintiff's allegations as true and construe them in the light most favorable to Plaintiff. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). An action is properly dismissed when it is "apparent from the face of the complaint" that all claims are time-barred. *See Tello v. Dean Winter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005); *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc).

Claims brought under 42 U.S.C. § 1983 are subject to the personal injury statutes of limitations in the state where the § 1983 action was brought. *Wilson v. Garcia*, 471 U.S. 261 (1985); *McFarlin v. Douglas County*, 587 Fed. Appx. 593, 595 (11th Cir. 2014). Under Georgia law, "actions for injuries to the person shall

be brought within two years after the right of action accrues." O.C.G.A. § 9-3-33. The statute of limitations for § 1983 claims begins to run when the "facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Bryant v. Jones*, 464 F. Supp. 2d 1273, 1294 (N.D. Ga. 2006) (citing *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987)). Therefore, the action accrues when the plaintiff "knows or has reason to know that he has been injured" and "is aware or should have been aware who has inflicted the injury." *Id*.

Accepting the allegations in Plaintiff's Amended Complaint as true, it is "apparent from the face of the complaint" that Plaintiff filed her claims against Troutman Sanders after the two-year statute of limitations had expired. At the very latest, Plaintiff was aware of her alleged injury and who inflicted the alleged injury in January 2012 when Plaintiff's foreclosure and eviction was completed and all appeals exhausted. (*See* Am. Compl. ¶ 15.) Any cause of action related to this alleged injury expired in January 2014. Because this action was not filed until May 19, 2016 — more than four years after the alleged injury and more than two years after the expiration of the statute of limitations — all claims of Plaintiff's claims against Troutman Sanders in the Amended Complaint are time-barred and must be dismissed as a matter of law. *See* O.C.G.A. § 9-3-33; *see also Enedah v.*

*America's Servicing Co.*, 2012 U.S. Dist. LEXIS 190294, at * 4-6 (N.D. Ga. Mar. 16, 2012) (Totenberg, J.) (dismissing complaint as time-barred under applicable statutes of limitation without allowing the *pro se* plaintiff to amend his complaint because an amendment would be futile).

## CONCLUSION

Troutman Sanders respectfully requests that the Court grant this motion and dismiss all claims against Troutman Sanders in Plaintiff's Amended Complaint with prejudice.

Respectfully submitted, this 22nd day of June, 2016.

>  TROUTMAN SANDERS LLP[4]
> 
> */s/ Jaime L. Theriot*
> Jaime L. Theriot (GA Bar No. 497652)
> 600 Peachtree Street, NE, Suite 5200
> Atlanta, GA 30308-2216
> Phone: 404-885-3000
> Fax: 404-885-3900

---

[4] Pursuant to Local Rule 7.1D, counsel certifies that this filing was prepared using Times New Roman 14-point font.

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the within and foregoing **Defendant Troutman Sanders LLP's Motion to Dismiss Plaintiff's Amended Complaint and Brief In Support** was electronically filed with the Clerk of Court using the CM/ECF System, which will send notification of such filing to all counsel of record for Defendants in this case, and was served upon Plaintiff by First Class U.S. Mail addressed to:

> Alfredia Pruitt
> 4499 Beacon Hill Dr.
> Lilburn, GA 30047

This 22nd day of June, 2016.

> */s/ Jaime L. Theriot*
> Jaime L. Theriot (GA Bar No. 497652)